Katessa M. Charles (SBN 146922)
Katessa.Charles@jacksonlewis.com
Brittney E. Willis (SBN 334694)
Brittney.Willis@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
MOTION PICTURE ASSOCIATION, INC.

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICONDO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MOTION PICTURE ASSOCIATION, INC., a New York corporation; and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(A) AND (B) DIVERSITY**<br><br>(Removed from Los Angeles Superior Court Case No. 24STCV06747)<br><br>[*Filed concurrently with Declaration of Brittney E. Willis; Declaration of Urmila Venugopalan; Civil Case Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement; Notice of No Related Cases; Request for Judicial Notice; and [Proposed] Order re Request for Judicial Notice*]<br><br>Complaint Filed: March 18, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant MOTION PICTURE ASSOCIATION, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28

U.S.C. sections 1332 and 1441 (a), (b), and 1446 to remove this action from the Superior Court of California for the County of Los Angeles on the grounds of diversity of citizenship. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff John Ricondo ("Plaintiff") has pled claims upon which relief can be granted.   This removal is based on the following grounds:

### DIVERSITY JURISDICTION

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### SERVICE AND PLEADINGS FILED IN STATE COURT

2.     On March 18, 2024, Plaintiff John Ricondo ("Plaintiff") filed an unverified civil Complaint against Defendant Motion Picture Association, Inc. ("Defendant")  in the Superior Court of the State of California in and for the County of Los Angeles entitled, *John Ricondo v. Motion Picture Association, Inc.,* Case No. 24STCV06747 ("the Complaint").  A true and correct copy of the Summons and Complaint is attached as Exhibit A to the Declaration of Brittney E. Willis ("Willis Decl.") filed concurrently herewith. (Willis Decl. ¶ 2, Exh. A.)  On April 9, 2024, Plaintiff served copies of the Complaint and the Summons on Defendant's registered agent, Corporation Service Company.  A true and correct copy of Corporation Service Company's notice of service of process to Defendant is attached to the Willis Decl. as Exhibit B.  (Willis Decl. ¶ 3, Exh. B; Declaration of Urmila Venugopalan ("Venugopalan Decl.") ¶ 3.)

3.     In the Complaint, Plaintiff asserts eight causes of action: (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Provide Reasonable Accommodation in violation of FEHA; (3) Failure to Engage in the Interactive Process in violation of FEHA; (4) Retaliation in violation of FEHA; (5) Failure to Prevent Discrimination in violation of FEHA; (6) violation of

California Family Rights Act – Interference with Leave; (7) violation of California Family Rights Act – Retaliation; and (8) Wrongful Termination in Violation of Public Policy. (Willis Decl. ¶ 2, Exh. A.)

4.      On May 7, 2024, Defendant filed a response in the form of an Answer to the Complaint in the Superior Court. A true and correct copy of the Answer filed with the Los Angeles County Superior Court in said action is attached to the Willis Decl. as Exhibit C. (Willis Decl. ¶ 5, Exh. C.)

5.      The Complaint remains Plaintiff's operative pleading as of the date of the filing of this Notice of Removal. (Willis Decl. ¶ 6) As of the date of this Notice of Removal, the attached Exhibits "A" and "C" constitute all of the papers and pleadings filed or served by or against Defendant in this matter, and no proceedings have occurred in the state court.  (Willis Decl. ¶ 8).

## TIMELINESS OF REMOVAL

6.      This Notice of Removal has been filed within thirty (30) days after service of the Summons and Complaint on Defendant. *See* California Code of Civil Procedure § 415.30 (c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."); *see also Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). The instant Notice of Removal is therefore timely, as it is filed within the time period that is provided by 28 U.S.C. § 1446(b).

7.      Plaintiff served Defendant's registered agent, Corporation Service Company, with the Complaint and Summons on April 9, 2024. (Willis Decl. ¶ 3).

8.      Measured from April 9, 2024, Defendant's deadline to file this Notice of Removal with this Court is May 9, 2024.

9.      Defendant is filing this Notice of Removal with this Court on May 8, 2024.

10.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## NOTICE TO ALL PARTIES AND STATE COURT

11.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 are satisfied.

## VENUE

12.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, et seq. and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose. Plaintiff filed the Complaint in the Superior Court for the State of California, County of Los Angeles, which is within this judicial district and division.  See 29 U.S.C. § 84(a). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a).

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

13.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

14.     Plaintiff's Citizenship. Plaintiff is, and was at all times relevant to this action, an individual residing in California. (Willis Decl., Exh. A., ¶ 1 ["Plaintiff, JOHN RICONDO, is an individual and a resident of the State of Californian."].)  Furthermore, Plaintiff filed his Complaint in the State of California for the County of Los Angeles seeking the protections of the laws of this state. (Willis Decl., Exh. A.) Thus, Plaintiff should properly be construed a citizen of the State of California.

15.     Defendant's Citizenship. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its

1  principal place of business.  28 U.S.C. § 1332(c)(1).  Under the Supreme Court's nerve

2  center test, a corporation's "principal place of business"  is the place where a

3  corporation's high level officers direct, control and coordinate its activities on a day-to-

4  day basis. *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81, 92-93 (2010). ("We conclude that

5  'principal place of business' is best read as referring to the place where a corporation's

6  officers direct, control, and coordinate the corporation's activities"); *also Harris v. Rand*,

7  682 F.3d 846, 851 (9th Cir. 2012) ("[A] principal place of business 'should normally be

8  the place where the corporation maintains its headquarters....'")

9       16.    The Complaint identifies Motion Picture Association, Inc. as a New York

10  corporation and the defendant in this action. (Willis Decl., Exh. A., ¶ 2 [Plaintiff is

11  informed and believes, and based thereon alleges, that Defendant MOTON PICTURE

12  ASSOCIATION, INC.  is a New York Corporation…." .)

13       17.    At the time the Complaint was filed in the Superior Court, and presently at

14  the time of removal, Defendant was and is a not-for-profit corporation organized under

15  the laws of the state of New York, with its principal place of business located in

16  Washington, DC as evidenced by Defendant's Statement of Incorporation, filed with the

17  State of California's Office of the Secretary of State. (Venugopalan Decl. ¶¶ 5-6, Exh.

18  D.) Defendant's headquarters, including executive operations relating to communications

19  and legal affairs, are located in Washington, DC. (Venugopalan Decl. ¶ 6.) Defendant's

20  high-level corporate officers, including its Chief Executive Officer, direct, control and

21  coordinate Defendant's activities and otherwise perform many of Defendant's corporate

22  level functions from corporate offices in Washington, DC. (*Id*.)

23       18.    The only other defendants named in Plaintiff's Complaint are fictitious

24  parties identified as "DOES 1 through 50," whose citizenship must be disregarded for the

25  purpose of removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter,

26  the citizenship of defendants sued under a fictitious name shall be disregarded.").  Motion

27  Picture Association, Inc. is not aware of any additional "Doe" defendants having been

28  served with the Summons and Complaint in the State Court Action.  (Willis Decl. ¶ 7.)

19.    Based on the above, there is complete diversity allowing removal by Defendants in that Plaintiff is a California citizen and Defendant is a citizen of New York and Washington, DC.  28 U.S.C. §§ 1441, *et seq.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) (requiring that suit be between citizens of different states for federal jurisdiction predicated on diversity of citizenship); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).

## AMOUNT IN CONTROVERSY

20.    In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The amount in controversy is determined from the allegations or prayer of the Complaint. *See*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 US 283, 286 (1938). Without admitting Plaintiff could recover any damages, including civil or statutory penalties, Defendant asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

21.    Plaintiff's Complaint does not specify an amount in controversy.  Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See, Dart Cherokee*, 574 U.S. at 82, 89, 135 S. Ct. at 549, 554 (2014).  If plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).  In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one

of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969). The Court must consider all recoverable damages, including liquidated damages and punitive damages.  See *Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001) (superseded by statute on other grounds).

22.    The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute, such as the FEHA claims at issue in this case. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) and *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982) (attorney's fees may be considered to determine jurisdictional amount).

23.    Potential Attorney's Fees. The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy.  *See*, *Galt G/S*, 142 F.3d at 1155-56.  Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035;  *Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945; see also, *Alvarado v. Home Depot U.S.A., Inc*., Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10

(S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy).

24.     Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

25.     Here, Plaintiff seeks to recover attorneys' fees for his first seven causes action pursuant to California Government Code section 12965. (Willis Decl. Exh. A, ¶¶ 21, 28, 35, 42, 50, 58, 66, Prayer for Relief, ¶ 6.)  At a conservative estimate of an hourly rate of $350, Plaintiff would reach the jurisdictional threshold of $75,000 in legal fees after his counsel expended 300 hours.  *Mogck v. Unum Life Ins. Co. of Am.,* 289 F.Supp.2d 1181, 1190 (S.D.Cal. 2003) (estimating future attorneys' fees using rate of $350 per hour).  Plaintiff's attorneys' fees alone in this matter will exceed $75,000 if the case proceeds to trial.

26.     Potential Compensatory Damages. Plaintiff also seeks and, in the event Plaintiff prevails on every one of his claims, may arguably recover compensatory damages, special damages including loss of past and future earnings, loss of benefits, and all damages flowing therefrom, punitive damages, statutory penalties, cost of suit, and interest. (Willis Decl. Exh. A, ¶¶ 19, 27, 34, 40, 48, 56, 64, 70; Prayer for Relief, ¶ ¶ 1-5 and 6-13.)

27.     Prevailing plaintiffs in employment cases are generally entitled to past and future loss of earnings.  *Villacorta v. Cemex Cement, Inc.*, 221 Cal. App. 4th 1425, 1432 (2013); *see also Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413, 427 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."). Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed

at "the time of removal." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 417 (9th Cir. 2018) ("…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them.").

28. Here, Plaintiff's annual salary at the time of his employment separation was $77,721.15. (Venugopalan Decl. ¶ 9.) Plaintiff filed the instant Action on March 18, 2024, and alleges in his Complaint that Defendant terminated his employment on or about March 31, 2023. (Willis Decl., Exh. A., ¶ 7.) Defendant's registered agent was served with the Summons and Complaint on April 9, 2024. (Willis Decl. ¶ 3.)

29. Assuming this action were to proceed to trial on April 9, 2025 (a conservative estimate of one year from the date Plaintiff served the summons and complaint on Defendant), approximately 105 weeks will have passed since Plaintiff's alleged March 31, 2023 termination. Assuming Plaintiff can establish liability, which is in dispute, Plaintiff could potentially recover approximately $156,936.94 in back pay, calculated as follows: $1,494.64 (weekly rate of pay) x 105 weeks. Plaintiff's potential back pay alone constitutes more than two times the $75,000 amount in controversy requirement.

30. If Plaintiff prevails, he would also be entitled to an award of front pay. Assuming a front pay award of two years, Plaintiff could potentially recover $155,442.30 calculated as follows: $77,721.15 annual salary multiplied by 2. *See Downes v. Volkswagen of Am.*, 41 F.3d 1132, 1143-1144 (7th Cir. 1994) (holding award of front pay for two years' worth of wages was reasonable in employment discrimination action). Thus, Plaintiff's potential recovery for front pay also exceeds the amount in controversy requirement, exclusive of either emotional distress damages or attorneys' fees Plaintiff seeks to recover if he prevails on his claims.

31. Plaintiff also alleges emotional distress, for which he seeks to recover general damages. (Willis Decl., Exh. A, ¶¶ 20, 27, 34, 41, 49, 57, and 65.) General damages are included in the amount in controversy. *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1033 (2002). Emotional distress awards in excess of $75,000 are not

uncommon in employment discrimination cases.  See e.g., *Canales v. Performance Food Grp., Inc*., No. 17-7464 JGB (JPRx), 2017 U.S. Dist. LEXIS 197363 at *10-12 (C.D. Cal. Nov. 30, 2017) (noting that emotional distress damages in employment discrimination actions may range from $25,000 to over $100,000); *Sasso v. Noble Utah Long Beach, LLC*, No. CV-14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921 at *12-14 (C.D. Cal. March 3, 2015) (holding amount in controversy was satisfied because emotional distress damages in employment discrimination and failure to accommodate cases can range from $125,000 to $500,000); *Simmons v. PCR Tech*., 209 F.Supp.2d 1029, 1033-1034 (N.D. Cal. 2002) (noting that emotional distress damages in employment actions are often substantial); *Richmond v. Allstate Ins. Co*., 897 F.Supp. 447, 450 (S.D. Cal. 1995) (same).

32.    Finally, Plaintiff requests that punitive damages be awarded "in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future." (Willis Decl., Exh. A, ¶¶ 22, 29, 36, 43, 51, 59, 67, 71, Prayer for Relief, ¶ 3.)

33.    In sum, Plaintiff's potential recovery for attorneys' fees, compensatory damages, and punitive damages, each independently establish that the amount in controversy in this action exceeds the jurisdictional requirement under 28 U.S.C. § 1332(a).

34.    Accordingly, removal is proper because Plaintiff in his Complaint has specifically alleged damages in excess of the $75,000 amount in controversy threshold. Further, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy as it is more likely than not that Plaintiff's claims exceed $75,000 and it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial.  *See Sanchez v. Monumental Life Ins*., 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999).    Therefore, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a). *Anthony v. Security Pacific Financial Services,*

*Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

35.     Defendant has not detailed all of the damages at issue in each of Plaintiff's claims; however, should Plaintiff challenge the Court's jurisdiction or seek remand, Defendant reserves the right to supplement this Notice of Removal and can and will present evidence establishing that the amount in controversy in this action exceeds $75,000.

36.     For this reason, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

37.     Based on the foregoing, Defendant requests that this action be removed to this Court.  If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief, further evidence, and oral argument in support of its argument that removal is proper.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this United States District Court for the Central District of California.

Respectfully submitted,

Dated: May 8, 2024                     JACKSON LEWIS P.C.


By: */s/ Katessa M. Charles*
    Katessa M. Charles
    Brittney E. Willis

Attorneys for Defendant
MOTION PICTURE ASSOCIATION, INC.

4871-0416-7095