Katessa M. Charles (SBN 146922)
Katessa.Charles@jacksonlewis.com
Brittney E. Willis (SBN 334694)
Brittney.Willis@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
MOTION PICTURE ASSOCIATION, INC.

# THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICONDO, an individual,<br><br>              Plaintiff,<br><br>        vs.<br><br>MOTION PICTURE ASSOCIATION, INC., a New York corporation; and DOES 1-50, inclusive,<br><br>              Defendants. | **CASE NO.:**<br><br>**DECLARATION OF BRITTNEY E. WILLIS IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(A) AND (B) (DIVERSITY)**<br><br>[*Filed concurrently with Notice of Removal; Declaration of Urmila Venugopalan; Civil Case Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement; Notice of No Related Cases; Request for Judicial Notice; and [Proposed] Order re Request for Judicial Notice*]<br><br>Complaint Filed:        March 18, 2024 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

Case No:

1

DECLARATION OF BRITTNEY E. WILLIS IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT

## <u>DECLARATION OF BRITTNEY E. WILLIS</u>

I, Brittney E. Willis, declare as follows:

1.      I hereby declare I am an attorney duly admitted to practice law before all the courts in the State of California and the United States District Court for the Central District of California, where I am in good standing.  I am an associate with the law firm of Jackson Lewis P.C., counsel of record for Defendant Motion Picture Association, Inc. ("Defendant") in this action.  I have personal knowledge of the facts stated in this declaration and if called upon to do so, I could and would testify competently to them.  I submit this declaration in support of Defendant's Notice of Removal of Civil Action.

2.      On March 18, 2024, Plaintiff John Ricondo ("Plaintiff") filed an unverified civil Complaint against Defendant Motion Picture Association, Inc. ("Defendant")  in the Superior Court of the State of California in and for the County of Los Angeles entitled *John Ricondo v. Motion Picture Association, Inc.,* Case No. 24STCV06747 ("the Complaint").  A true and correct copy of the Summons and Complaint is attached as **Exhibit A.**

3.      On April 9, 2024, Plaintiff served Defendant's registered agent, Corporation Service Company, with his Summons and Complaint via personal service. A true and correct copy of Corporation Service Company's notice of service of process to Defendant is attached as **Exhibit B**.

4.      In the Complaint, Plaintiff asserts eight causes of action: (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Provide Reasonable Accommodation in violation of FEHA; (3) Failure to Engage in the Interactive Process in violation of FEHA; (4) Retaliation in violation of FEHA; (5) Failure to Prevent Discrimination in violation of FEHA; (6) violation of California Family Rights Act – Interference with Leave; (7) violation of California Family Rights Act – Retaliation; and (8) Wrongful Termination in Violation of Public Policy.

| Case No: | 2 | DECLARATION OF BRITTNEY E. WILLIS IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT |

5.    On May 7, 2024, Defendant filed a response in the form of an Answer to the Complaint in the Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit C.**

6.    The Complaint remains Plaintiff's operative pleading as of the date of the filing of this Notice of Removal.

7.    It appears that no additional "Doe" defendants have been served with the Summons and Complaint in the State Court Action.

8.    As of the date of this Declaration, the attached Exhibits "A" and "C" constitute all the papers received or filed by or against Defendant in this matter, and no further proceedings have occurred in the state court.

9.    Plaintiff is represented by Brock & Gonzalez, LLP, located at 6701 Center Drive West, Suite 610, Los Angeles, CA 90045; (310) 294-9595. The attorneys representing Plaintiff are D. Aaron Brock, Christina Kerner, and Elizabeth Siruno.

I declare under penalty of perjury and under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 8th day of May 2024, at Los Angeles, California.

.

/s/  Brittney E. Willis
Brittney E. Willis

4871-8936-4151

Case No:                                                3                DECLARATION OF BRITTNEY E. WILLIS IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT

# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td><b>FOR COURT USE ONLY</b><br><i>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MOTION PICTURE ASSOCIATION, INC., a New York corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN RICONDO, an individual,

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/18/2024 4:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is: Superior Court of the State of California<br><i>(El nombre y dirección de la corte es):</i><br>For the County of Los Angeles<br>111 North Hill Street, Los Angeles, CA 90012</td><td><b>CASE NUMBER:</b><br><i>(Número del Caso):</i><br>24STCV06747</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

DATE: 03/18/2024          Clerk, by  David W. Slayton, Executive Officer/Clerk of Court , Deputy
*(Fecha)*                 *(Secretario)*          Y. Ayala          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MOTION PICTURE ASSOCIATION INC., a New York corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

<table>
<tr><td>Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]</td><td><b>SUMMONS</b></td><td>Code of Civil Procedure §§ 412.20, 465<br><i>www.courts.ca.gov</i></td></tr>
</table>

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, SBN 241919
ab@brockgonzales.com
CHRISTINA R. KERNER, STATE BAR NO. 319474
ck@brockgonzales.com
ELIZABETH A. SIRUNO, STATE BAR NO. 337132
es@brockgonzales.com

**Attorneys for Plaintiff**
John Ricondo

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/18/2024 4:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHN RICONDO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MOTION PICTURE ASSOCIATION, INC., a New York corporation; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 24STCV06747 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **DISCRIMINATION IN VIOLATION OF THE FEHA;** <br> 2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;** <br> 3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;** <br> 4. **RETALIATION IN VIOLATION OF THE FEHA;** <br> 5. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;** <br> 6. **INTERFERENCE WITH CFRA RIGHTS;** <br> 7. **RETALIATION IN VIOLATION OF THE CFRA; and** <br> 8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** <br><br> **DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff, JOHN RICONDO, hereby brings his employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

**THE PARTIES**

1.    Plaintiff, JOHN RICONDO, is an individual and a resident of the State of California.

2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant MOTION PICTURE ASSOCIATION, INC. is a New York corporation doing business in the County of Los Angeles, State of California, at 15301 Ventura Boulevard, Building E, Sherman Oaks, California 91403. At the time the causes of action arose, Defendants MOTION PICTURE ASSOCIATION, INC. and/or DOES 1-50 were Plaintiff's employer(s).

3.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

4.    Plaintiff is informed and believes that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

5.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venturer of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

6.    Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant shall mean all Defendants, and each of them.

2
COMPLAINT

## THE FACTUAL ALLEGATIONS

7.    Plaintiff began his employment with Defendant on or about February 2, 2015. Defendant wrongfully terminated Plaintiff's employment, effective on or about March 31, 2023.

8.    Plaintiff initially worked for Defendant in the position of "Rater." The Rater position is limited to a seven-year employment term. However, because of Plaintiff's good work, on or about October 8, 2021, Defendant promoted Plaintiff to the position of Senior Rater, which allowed Plaintiff to continue working for Defendant indefinitely. Indeed, at all times, Plaintiff was a good employee for Defendant.

9.    Plaintiff's employment was relatively uneventful until in or around the middle of 2022. At that time, Plaintiff was diagnosed with cancer, while Plaintiff's son began suffering from a serious health condition. As a result, Plaintiff began taking time off from work to undergo treatment for himself and also care for his son.

10.    Plaintiff notified Defendant of his medical condition and of his son's serious health condition; however, Defendant never advised Plaintiff of his right to take protected leave under the provisions of the California Family Rights Act ("CFRA").

11.    On or about February 19, 2023, Plaintiff's son was hospitalized. Plaintiff again notified Defendant of his son's condition and took time off work to care for him. Again, Defendant never advised Plaintiff of his right to take protected leave under the provisions of the CFRA.

12.    On or about March 15, 2023, Defendant abruptly terminated Plaintiff's employment, effective on or about March 31, 2023, purportedly for performance.

13.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's reason for termination is false and/or pretext, as Defendant knew any "performance issues" were manufactured by Plaintiff's new supervisor, who was known to unfairly punish employees. Plaintiff is informed and believes, and based thereon alleges, that Defendant interfered with Plaintiff's CFRA rights and wrongfully terminated Plaintiff's employment because of his disability/medical condition and/or his association with his "disabled" son and/or in retaliation for Plaintiff's protected activities.

3
COMPLAINT

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.   On March 15, 2024, Plaintiff filed a Complaint of Discrimination with the California Civil Rights Department (formerly the Department of Fair Employment and Housing) ("CRD"). The CRD issued Plaintiff a "right-to-sue" letter that same day. As such, Plaintiff has fully complied with the administrative prerequisites to the filing of his claims.

### FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

15.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 14 of this Complaint.

16.   At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

17.   The FEHA requires Defendants to refrain from discriminating against any employee on the basis of perceived and/or disability/medical condition/association. Direct discrimination, as well as disparate impact discrimination, is prohibited by the FEHA.

18.   Defendants engaged in unlawful employment practices in violation of the FEHA.

19.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

20.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

21.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

4

COMPLAINT

hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

22. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

23. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 22 of this Complaint.

24. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. The FEHA imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

25. Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.

26. Plaintiff alleges that with reasonable accommodations he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner.

27. As a direct and legal result of Defendants' discriminatory actions herein referenced,

5

**COMPLAINT**

Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

28.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

29.  The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures to accommodate the disability of their employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

30.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 29 of this Complaint.

31.  The FEHA makes it unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

32.  Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to accommodate his known disabilities in violation of the FEHA.

33. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

34. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to his damage in an amount according to proof.

35. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

36. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically required it to engage in the interactive process to accommodate the disabilities of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

37. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 36 of this Complaint.

38. At all times herein mentioned, the FEHA was in full force and effect and were

7

**COMPLAINT**

binding on Defendants, as Defendants regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has requested reasonable accommodation and/or made a complaint of discrimination and/or retaliation.

39. Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

40. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

41. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

42. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

43. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited retaliation and required Defendants' managers, officers, and agents to prevent retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

8

COMPLAINT

awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

44.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 43 of this Complaint.

45.  At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

46.  Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation.

47.  In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

48.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

49.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and

9

COMPLAINT

embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

50. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

51. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures to prevent discrimination and retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SIXTH CAUSE OF ACTION

### INTERFERENCE WITH CFRA RIGHTS

### (Against ALL Defendants)

52. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 51 of this Complaint.

53. All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes the CFRA, Government Code §12945.2 et seq.

54. It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the CFRA.

55. Defendants violated Plaintiff's CFRA rights by interfering with those rights.

10

COMPLAINT

56. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

57. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

58. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

59. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures to grant protected leave. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///

///

11

COMPLAINT

## SEVENTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE CFRA

### (Against ALL Defendants)

60.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 59 of this Complaint.

61.   All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes the CFRA, Government Code §12945.2.

62.   It is unlawful for an employer to retaliate against an employee for wanting to take and/or for taking CFRA leave.

63.   Defendants violated Plaintiff's CFRA rights by retaliating against Plaintiff for taking CFRA leave.

64.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

65.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

66.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

67.   The actions taken against Plaintiff were carried out and ratified by officers and

12

COMPLAINT

managers of Defendants. In addition, Defendants had in place policies and procedures to prohibit retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

68.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 67 of this Complaint.

69.   At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in the FEHA and/or CFRA is to prohibit employers from discriminating and retaliating against any individual for engaging in protected activities. These public policies of the State of California are designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California and the laws and regulations promulgated thereunder.

70.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

13

COMPLAINT

71. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination and retaliation based on a disability and required Defendants' managers, officers, and agents to prevent discrimination and retaliation against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages, according to proof;
3. For punitive damages;
4. For medical expenses and related items of expense, according to proof;
5. For loss of earnings, according to proof;
6. For attorney's fees, according to proof;
7. For prejudgment interest, according to proof;
8. For costs of suit incurred herein;
9. For declaratory relief;
10. For injunctive relief;
11. For liquidated damages;
12. For reinstatement; and
13. For such other relief and the Court may deem just and proper.

///

14

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:    March 15, 2024                    BROCK & GONZALES, LLP

By:    _____

D. AARON BROCK

CHRISTINA R. KERNER

ELIZABETH A. SIRUNO

Attorneys for Plaintiff

15

**COMPLAINT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/18/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ Y. Ayala _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV06747 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Jon R. Takasugi | 17 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record      David W. Slayton, Executive Officer / Clerk of Court

on 03/19/2024 _____                    By Y. Ayala _____ , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)      **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# Exhibit B

**From:** sop@cscglobal.com <sop@cscglobal.com>
**Sent:** Wednesday, April 10, 2024 10:37 AM
**To:** Payes, Marlene <Marlene_Payes@motionpictures.org>
**Subject:** Notice of Service of Process - Transmittal Number:28892868



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: 28892868
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Motion Picture Association, Inc. |
| **Entity I.D. Number:** | 4591626 |
| **Entity Served:** | Motion Picture Association, Inc. |
| **Title of Action:** | John Ricondo, an individual vs. Motion Picture Association, Inc., a New York Corporation |
| **Matter Name/ID:** | John Ricondo, an individual vs. Motion Picture Association, Inc., a New York Corporation (15548138) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | 24STCV06747 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC** | 04/09/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Brock & Gonzales, LLP
310-294-9595

---

**Primary Contact:**
Melisa King
Motion Picture Association, Inc.

**Electronic copy provided to:**
Melisa_King@motionpictures.org
Marlene_Payes@motionpictures.org

---

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

4874-1251-6538, v. 2

# Exhibit C

Katessa M. Charles (SBN 146922)
Brittney E. Willis (SBN 334694)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430
Katessa.Charles@jacksonlewis.com
Brittney.Willis@jacksonlewis.com

Attorneys for Defendant
MOTION PICTURE ASSOCIATION, INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/07/2024 10:27 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHN RICONDO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MOTION PICTURE ASSOCIATION, INC., a New York corporation; and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO.:   24STCV06747**<br><br>[Assigned for All Purposes to:<br>The Hon. Jon R. Takasugi, Dept. 17]]<br><br>**DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:      March 18, 2024 |

Defendant MOTION PICTURE ASSOCIATION, INC. ("Defendant") on behalf of itself and for no other defendant, hereby responds to the Complaint for Damages ("Complaint") filed by Plaintiff JOHN RICONDO ("Plaintiff") and admits, denies and otherwise pleads as follows:

**GENERAL DENIAL**

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

/ / /

/ / /

/ / /

DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

2.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, *et seq*.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.      Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust his administrative remedies required under any and all applicable state laws, including the Fair Employment and Housing Act.

**FOURTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence)**

4.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

5.      Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure section 335.1 and California Government Code sections 12940, 12960 and 12965.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6.    Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.  State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis) (2000) 31 Cal.4th 1026.

## SEVENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

7.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior.

## EIGHTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

8.    The doctrine of managerial immunity bars any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant. Cotran v. Rollins Hudig Hall Internat., Inc (1998) 17 Cal.4th 93, 101.

## NINTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith & Justified Conduct)

9.    Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

10.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

11.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

12.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

14.    Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

15.    Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Not A Substantial Motivating Reason)

16.    The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Retaliation)

17.    The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff was not treated differently or singled out by Defendant because of an  alleged disability, for engaging in protected activities within the meaning of California Government Code section 12940, *et seq*., and/or the California Family Rights Act, or any other unlawful grounds, and any alleged adverse employment action was not motivated by any retaliatory animus.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Disability)

18.    Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because Defendant did not discriminate against Plaintiff because of a disability status or based on any other protected category within the meaning of California Government Code § 12940 *et seq*.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Notice or Complaint Regarding Discrimination or Retaliation)

19.    Plaintiff's claims for discrimination and retaliation are barred because Defendant did not receive notice from Plaintiff that any employee or managing agent of Defendant had allegedly engaged in any discriminatory or retaliatory actions against Plaintiff based upon his alleged disability, his son's alleged health condition, or any alleged request for accommodation.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Failure to Prevent Where No Discrimination or Retaliation Occurred)

20.    Plaintiff's claim for failure to prevent discrimination and retaliation are barred and/or any recovery of damages is precluded to the extent Plaintiff cannot establish underlying discrimination and/or retaliation.  Trujillo v. N. County Transit Dist. (1998) 63 Cal. App. 4th 280.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Request for Accommodation)

21.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff did not request a reasonable accommodation from Defendant.

DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Knowledge of Disability)**

22.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not have knowledge of any alleged disability during Plaintiff's employment, and did not perceive Plaintiff as disabled.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Affirmative Duty)**

23.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff did not make known to Defendant that he had any alleged disability. Therefore, Defendant did not have an affirmative duty or otherwise have reason to engage in a good-faith exploration of possible and reasonable accommodations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Policies in Effect Prohibiting Discrimination and Retaliation)**

24.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant had reasonable policies and practices in place to prevent, address, and remedy inappropriate discrimination and retaliation in the workplace. Defendant reasonably, promptly, and in good faith applied these policies.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Nexus)**

25.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because there is no nexus between any purportedly protected activity and any decision made by Defendant regarding Plaintiff's employment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

26.     Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because any violation of the California Labor Code was an act or omission made in good faith, was not willful, and Defendant had reasonable grounds for believing that the act or omission was not a violation of the Labor Code.

6

DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Public Policy Violated)

27.    Plaintiff was not retaliated against or discharged in violation of any fundamental public policy embodied in law or statute including, but not limited to, the Fair Employment and Housing Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

28.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff was employed at will pursuant to California Labor Code section 2922.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Offset)

29.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by Witt v. Jackson (1961) 57 Cal.2d 57 and its progeny.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

30.    Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

31.    Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

32.    Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous,

7

DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

33.    Because the Complaint is couched in conclusory terms and Defendant does not presently know all facts relating to the conduct of Plaintiff sufficient to state all affirmative defenses at this time, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing herein;

2.    For reasonable attorney's fees pursuant to California Government Code section 12965;

3.    For costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.

Dated:  May 7, 2024                    JACKSON LEWIS P.C.

By:  */s/ Katessa M. Charles*
Katessa M. Charles
Brittney E. Willis

Attorneys for Defendant
MOTION PICTURE ASSOCIATION, INC.

DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**        John Ricondo vs. Motion Picture Association, Inc.

**CASE NUMBER:    24STCV06747**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On May 7, 2024, I served the foregoing document described as:

**DEFENDANT MOTION PICTURE ASSOCIATION, INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

in this action by transmitting a true copy thereof addressed as follows:

| |
|---|
| D. Aaron Brock<br>Christina R. Kerner<br>Elizabeth A. Siruno<br>BROCK & GONZALES, LLP<br>6701 Center Drive West, Ste. 610<br>Los Angeles, CA  90045<br>Tel: (310) 294-9595<br>Fax: (310) 961-3673<br>ab@brockgonzales.com<br>ck@brockgonzales.com<br>es@brockgonzales.com<br><br>Attorneys for Plaintiff<br>JOHN RICONDO |

**[X]    BY UNITED STATES MAIL**  I enclosed the documents in a sealed envelope or package addressed to the persons listed. I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope with postage fully prepaid.

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION**

I caused the document(s) described above to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 7, 2024 at Los Angeles, California.

*/s/ Carol Partida*
Carol Partida

4879-2349-7911

1
PROOF OF SERVICE